# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SITO MOBILE R&D IP, LLC, and
SITO MOBILE, LTD.,

            Plaintiffs,

     v.

THESTREET, INC.,

            Defendant.

C.A. No. 21-1571-CFC

## DEFENDANT'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO STAY PENDING *INTER PARTES* REVIEW AND COVERED BUSINESS METHOD REVIEW

OF COUNSEL:

Syed M. Abedi
Jeffrey E. Danley
Thomas A. Shewmake
SEED IP LAW GROUP LLP
701 Fifth Avenue, Suite 5400
Seattle, WA 98104
Telephone: (206) 622-4900
SyedA@seedip.com
JeffD@seedip.com
TomShewmake@seedip.com

Dated:  December 29, 2021

Travis S. Hunter (#5350)
Renée Mosley Delcollo (#6442)
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
hunter@rlf.com
delcollo@rlf.com

*Attorneys for Defendant*
*TheStreet, Inc.*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................. ii

I.      INTRODUCTION ................................................................................. 1

II.     NATURE AND STAGE OF PROCEEDINGS ........................................... 2

III.    SUMMARY OF ARGUMENT ................................................................ 3

IV.     STATEMENT OF FACTS ..................................................................... 3

        A.      The Parties ............................................................................. 3

        B.      The IPR and CBM Proceedings ............................................... 4

V.      LEGAL STANDARD ........................................................................... 6

VI.     ARGUMENT ...................................................................................... 8

        A.      A Stay Will Simplify Issues for Trial .................................... 8

        B.      The Litigation Is in Its Earliest Stage ................................. 12

        C.      Plaintiffs Will Not Be Prejudiced By a Stay, Nor Will
                TheStreet Gain a Tactical Advantage From a Stay ............... 13

        D.      A Stay Will Reduce the Burdens of Litigation on the Court
                and the Parties ..................................................................... 16

VII.    CONCLUSION ................................................................................ 17

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*AIP Acquisition LLC v. Level 3 Commc'ns., LLC*,
   C.A. Nos. 12-617-GMS, 12-1688-GMS, 12-1689-GMS, 12-1690-GMS, 12-
   1691-GMS, 12-1692-GMS ................................................................................... 11

*Bonutti Skeletal Innovations, L.L.C. v. Zimmer Hldgs., Inc.*,
   C.A. Nos. 12-1107 (GMS), 12-1109 (GMS), 12-1110 (GMS), 2014 WL
   1369721 (D. Del. April 7, 2014) ...................................................................... 9, 13

*British Telecomms. PLC v. IAC/InterActiveCorp.*,
   C.A. No. 18-366-WCB, 2019 WL 4740156 (D. Del. Sep. 27, 2019) ...... 10, 12, 13

*British Telecomms. PLC v. IAC/InterActiveCorp.*,
   C.A. No. 18-366-WCB, 2020 WL 5517283 (D. Del. Sep. 11, 2020) .................. 16

*Ethicon, Inc. v. Quigg*,
   849 F.2d 1422 (Fed. Cir. 1988) ........................................................................... 6

*IOENGINE, LLC v. PayPal Hldgs., Inc.*,
   C.A. Nos. 18-452-WCB, 18-826-WCB, 2019 WL3943058 141545 (D. Del.
   Aug. 21, 2019) .......................................................................................... 7, 10, 16

*Market-Alerts Pty., Ltd. v. Bloomberg Fin. L.P.*,
   922 F. Supp. 2d 486 (D. Del. 2013) ............................................................... 13, 14

*MiiCs & P'rs Am. Inc. v. Toshiba Corp.*,
   C.A. Nos. 14-803-RGA, 14-804-RGA, 2015 WL 9854845 (D. Del. Aug. 11,
   2015) .................................................................................................................... 15

*Princeton Dig. Image Corp. v. Konami Dig. Entm't Inc.*,
   C.A. Nos. 12-1461-LPS-CJB, 13-335-LPS-CJB, 2014 WL 3819458 (D. Del.
   Jan. 15, 2014) .......................................................................................... 8, 12, 14, 15

*TC Tech. LLC v. Sprint Corp.*,
   C.A. No. 16-153-WCB, 2021 WL 4521045 (D. Del. Oct. 4, 2021) ............. *passim*

STATUTES

35 U.S.C. § 316(a)(11) .................................................................................................. 6

35 U.S.C. § 326(a)(11)..................................................................................... 6

37 C.F.R. § 42.108(c)..................................................................................... 2

37 C.F.R. § 42.208(c)..................................................................................... 1

37 C.F.R. § 42.300(a)..................................................................................... 1

Leahy-Smith America Invents Act, Pub. L. No. 112-29, § 18(b)(1), 125 Stat. 284,
    331 (2011) ............................................................................................... 8

## OTHER AUTHORITIES

157 Cong. Rec. S1363 (daily ed. Mar. 8, 2011) (statement of Sen. Chuck
    Schumer)..............................................................................................7, 16

157 Cong. Rec. S952 (daily ed. Feb. 28, 2011) (statements of Sen. Chuck
    Grassley and Sen. John Kyl)..................................................................7

## RULES

Fed. R. Civ. P. 26(f) ..................................................................................... 3

RLF1 26552626V.2

## I.    INTRODUCTION

Defendant TheStreet, Inc. ("Defendant" or "TheStreet") moves to stay this action pending the resolution of seven *inter partes* review ("IPR") proceedings and one covered business method ("CBM") proceeding at the U.S. Patent and Trademark Office ("USPTO") involving patents asserted in this action by Plaintiffs SITO Mobile R&D IP, LLC and SITO Mobile, Ltd. (together, "Plaintiffs" or "SITO").[1] The Patent Trial and Appeal Board ("PTAB") granted those petitions earlier this year,[2] and a final decision is expected within months. Thus, the PTAB has already determined that it is "more likely than not" that at least one of the claims challenged in the CBM proceeding will be held invalid (*see* 37 C.F.R. §§ 42.208(c), 42.300(a))

---

[1] Plaintiffs have asserted the following patents against TheStreet in this action (the "Patents-in-Suit"): U.S. Patent Nos. 7,054,949 ("the '949 Patent"); 7,689,706 ("the '706 Patent"); 8,825,887 ("the '887 Patent"); 9,026,673 ("the '673 Patent"); 9,135,635 ("the '635 Patent"); 9,135,636 ("the '636 Patent"); 9,350,777 ("the '777 Patent"); 9,380,088 ("the '088 Patent"); 9,591,360 ("the '360 Patent"); 9,756,362 ("the '362 Patent"); 10,009,637 ("the '637 Patent"); and 10,171,846 ("the '846 Patent"). *See* D.I. 1 ("Complaint").

[2] These petitions were filed by Hulu, LLC ("Hulu"), which Plaintiffs sued for patent infringement in the Western District of Texas on June 2, 2020. *See* Case No. 6:20-cv-00472-ADA (W.D. Tex.). Plaintiffs have brought numerous other lawsuits involving some or all of the Patents-in-Suit, including cases in this district against World Wrestling Entertainment, Inc. ("WWE") and fuboTV, Inc. *See* C.A. Nos. 21-721-CFC (D. Del.); 21-725-CFC (D. Del.). Those defendants sought stays in their litigations, which this Court granted for fuboTV on December 15, 2021, and for WWE on December 20, 2021, holding in each case that all relevant factors weighed in favor of a stay. *See* C.A. No. 21-725-CFC, D.I. 20; C.A. No. 21-721-CFC, D.I. 26.

and that there exists a "reasonable likelihood" that one or more of the patent claims challenged by Hulu in each of the seven IPR proceedings will be held invalid. *See* 37 C.F.R. § 42.108(c). In addition, the seven challenged patents and the five remaining patents are related, with eleven patents claiming priority to the '949 Patent, which itself is the twelfth asserted patent against TheStreet. Because of the relationship between the asserted patents, there will likely be issues decided in the post-grant proceedings that will impact the five patents that currently stand unchallenged.

TheStreet therefore submits that a stay of this case will benefit both the Court and the parties, and as discussed in greater detail below, all stay factors typically considered by District Courts pending the outcome of USPTO proceedings favor granting a stay in this case. Accordingly, TheStreet respectfully requests that the Court stay this litigation pending final resolution of the pending IPR and CBM proceedings.

## II.   NATURE AND STAGE OF PROCEEDINGS

Plaintiffs filed the Complaint in this action on November 3, 2021, alleging that TheStreet infringes twelve different patents. (D.I. 1.) TheStreet filed its Answer to the Complaint denying Plaintiffs' claims of infringement concurrently with this motion. As of the filing date of this motion, the Court has not issued any orders

related to case scheduling or discovery, no hearings have taken place, no other motions have been filed, and discovery has not yet started.

## III.   SUMMARY OF ARGUMENT

Each factor considered by district courts on a stay motion pending the outcome of PTAB proceedings weighs in favor of TheStreet's requested stay. First, the stay will likely simplify the issues for trial because at least some, if not all, of the challenged claims – including claims asserted by Plaintiff in their Complaint in this action – are likely to be cancelled. Second, a stay is also appropriate because this case is in its infancy. TheStreet is filing its Answer concurrently with this motion, and no discovery has yet taken place. Indeed, the parties have not held a Rule 26(f) conference or served initial disclosures, nor has the Court held the initial case management conference or issued any orders regarding scheduling or discovery as of the filing date of this motion. Third, a stay will not prejudice Plaintiffs, as the parties are not competitors and Plaintiffs are not seeking injunctive relief. Thus, to the extent Plaintiffs might eventually succeed on any of their claims after a stay, the potential accrual of damages will be adequate to compensate for any delay. Finally, a stay will greatly reduce the burdens of litigation on this Court and the parties.

## IV.   STATEMENT OF FACTS

### A.   The Parties

TheStreet "is a leading digital financial media company." *See* https://www.thestreet.com/static/about/ (last accessed December 20, 2021).

Through "a variety of subscription-based and advertising-supported content and tools" offered "through a range of online platforms, including web sites, mobile devices, email services, widgets, blogs, podcasts and online video channels," TheStreet aims "to be the primary independent source of reliable and actionable investing ideas, new and analysis, financial data and analytical tools for a growing audience of self-directed investors, as well as to assist advertisers desiring to connect with [TheStreet's] passionate, affluent audience." *Id.* TheStreet's innovative content ranges from free e-mail newsletters to a variety of premium services, each directed to "different segments of the investing public, including fledgling investors, consumers interested in personal finance guidance, long-term and short-term active investors, day and swing traders, and fundamental and technical traders." *Id.*

On the other hand, on the website SitoMobile.com, Plaintiffs appear to claim to use "Consumer Behavior and Location Sciences" to "develop customized, data-driven solutions for brands spanning strategic insights and media." *See* www.sitomobile.com (last accessed December 20, 2021). Thus, TheStreet and Plaintiffs are not competitors.

### B.    The IPR and CBM Proceedings

Plaintiffs have filed multiple other patent infringement suits against other defendants in this District and in other district courts. *See, e.g.*, Case No. 2:21-cv-6322 (C.D. Cal); C.A. No. 21-721-CFC (D. Del.); C.A. No. 21-725-CFC (D. Del.).

4

The other actions each involve at least some, and in some cases all, of the Patents-in-Suit asserted in this action. The defendant in one of those actions, Hulu, filed petitions at the USPTO challenging the validity of the seven SITO patents asserted against it. The PTAB granted each of those petitions, resulting in seven IPR proceedings and one CBM proceeding (together, the "Post Grant Proceedings") being instituted, each of which remains pending:

| Proceeding No. | Patent and Patent Claims Challenged | Filing Date | Institution Date |
|---|---|---|---|
| CBM2020-00028 | '887 (Claims 1-12, **39**-41, 45-56, 68, 98-126) | Sept. 15, 2020 | March 18, 2021 |
| IPR2021-000158 | '673 (Claims **1**-3, 5, 6, 19-21, 23, 26, 27, 30, 31, 33) | Oct. 30, 2020 | April 20, 2021 |
| IPR2021-000206 | '636 (Claims **1**-3, 10-11, 14, 34-35, 37, 38, 43, 47-50 | Nov. 16, 2020 | May 10, 2021 |
| IPR2021-000219 | '635 (Claims **1**-5, 7, 11-13, 17, 18, 20, 22) | Nov. 19, 2020 | May 10, 2021 |
| IPR2021-000265 | '360 (Claims **15**-19, 21, 24, 27) | Nov. 25, 2020 | May 19, 2021 |
| IPR2021-000298 | '846 (Claims **1**-4, 7-10) | Dec. 7, 2020 | May 19, 2021 |
| IPR2021-000304 | '637 (Claims **1**-4, 7-10) | Dec. 8, 2020 | May 19, 2021 |
| IPR2021-000308 | '887 (Claims **39**, 40, 45, 47, 52, 68, 98-101, 103, 105, 111, 115-117) | Dec. 10, 2020 | May 19, 2021 |

5

All seven of the Patents challenged by Hulu are among the Patents-in-Suit, and importantly, the specific claims of each of the Challenged Patents asserted by Plaintiffs in its Complaint here are included in the claims challenged by Hulu.[3]

Pursuant to statute, final decisions in the Post Grant Proceedings must begin issuing no later than March 18, 2022, and final decisions in all proceedings should be issued no later than May 19, 2022. *See* 35 U.S.C. §§ 316(a)(11), 326(a)(11).

## V.   LEGAL STANDARD

A district court possesses inherent power to manage its docket, including issuing a stay of litigation for the benefit of "economy of time and effort for [the court], for counsel, and for litigants." *See TC Tech. LLC v. Sprint Corp.*, C.A. No. 16-153-WCB, 2021 WL 4521045, at *1 (D. Del. Oct. 4, 2021) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Such power includes the ability to stay litigation pending the outcome of related proceedings at the USPTO. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988).

The legislative history of the America Invents Act ("AIA") encourages the use of such stays pending the outcome of post-grant proceedings. As this Court has noted, "Congress intended for district courts to be liberal in granting stays pending

---

[3] The specific claims asserted by Plaintiffs in its Complaint against TheStreet include Claim 39 of the '887 Patent, Claim 1 of the '673 Patent, Claim 1 of the '636 Patent, Claim 1 of the '635 Patent, Claim, Claim 15 of the '360 Patent, Claim 1 of the '846 Patent, and Claim 1 of the '637 Patent (all shown in **bold** in the table above). *See* Complaint, D.I. 1.

CBM review." *See IOENGINE, LLC v. PayPal Hldgs., Inc.*, C.A. Nos. 18-452-WCB, 18-826-WCB, 2019 WL 3943058, at *3 (D. Del. Aug. 21, 2019). Congress further aimed "to place 'a very heavy thumb on the scale in favor of a stay being granted' once the PTAB instituted CBM review proceedings." *Id.* (quoting 157 Cong. Rec. S1363 (daily ed. Mar. 8, 2011) (statement of Sen. Chuck Schumer)). "The same underlying policy considerations" also apply to IPR proceedings. *Id.* For example, Congress observed that IPR proceedings were intended to provide a "faster, less costly alternative to civil litigation to challenge patents" and were further meant to be "an inexpensive substitute for district court litigation" that "allows key issues to be address by experts in the field." *Id.* at *3 (quoting 157 Cong. Rec. S952 (daily ed. Feb. 28, 2011) (statements of Sen. Chuck Grassley and Sen. John Kyl)) (internal punctuation omitted).

Both CBM and IPR proceedings provide the same primary benefits: "giving the PTO an opportunity to reconsider patents that have become the focus of litigation, relieving the courts of some of the burdens of deciding issues of obviousness and anticipation, and saving the courts from having to adjudicate infringement claims based on patents of questionable validity." *Id.* at *4. District Courts therefore adhere to a "liberal policy" in favor of staying litigation pending the outcome of CBM and IPR proceedings. *Id.* at *4 (collecting cases).

Courts considering whether to stay litigation pending the outcome of IPR proceedings look to three primary factors: "(1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the nonmovant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage." *Princeton Dig. Image Corp. v. Konami Dig. Entm't Inc.*, C.A. Nos. 12-1461-LPS-CJB, 13-335-LPS-CJB, 2014 WL 3819458, at *2 (D. Del. Jan. 15, 2014). With respect to CBM proceedings, Congress directed that a fourth factor also be considered with the three above: "whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court." *TC Tech.*, 2021 WL 4521045, at *2 (citing Pub. L. No. 112-29, § 18(b)(1), 125 Stat. 284, 331 (2011)). The Federal Circuit and several district courts, including courts in this District, have also endorsed the consideration of the fourth factor with respect to other types of proceedings, including IPR proceedings. *Id.* at *2 (collecting cases). All four factors favor granting a stay in the present action.

## VI.    ARGUMENT

### A.    A Stay Will Simplify Issues for Trial

The already instituted Post Grant proceedings will significantly simplify the issues of this case. As this is "[t]he most important factor bearing on whether to grant

a stay," the likelihood that issues concerning the validity of multiple Patents-in-Suit

will be resolved by the PTAB strongly favors granting a stay in this proceeding:

> Congress's purpose in creating an inter partes review procedure was to
> allow the administrative agency that issues patents to consider new
> information bearing on whether those patents should be canceled or
> confirmed. Giving the agency the authority to consider the validity of
> patents in the inter partes review process was designed in large measure
> to simplify proceedings before the courts and to give the courts the
> benefit of the expert agency's full and focused consideration of the
> effect of prior art on patents being asserted in litigation.

*TC Tech.*, 2021 WL 4521045, at *4 (quoting *NFC Tech. LLC v. HTC Am., Inc.*, No.

2:13-cv-1058-WCB, 2015 WL 1069111, at *4 (E.D. Tex. Mar. 11, 2015)).

Furthermore, this Court has recognized multiple specific ways that granting a stay

pending the outcome of proceedings at the USPTO will simply issues in ligation:

> (1) all prior art presented to the court at trial will have been first
> considered by the PTO with its particular expertise, (2) many discovery
> problems relating to the prior art can be alleviated, (3) if [the patent(s)
> are] declared invalid, the suit will likely be dismissed, (4) the outcome
> of the reexamination may encourage a settlement without further
> involvement of the court, (5) the record of the reexamination would
> probably be entered at trial, reducing the complexity and the length of
> the litigation, (6) issues, defenses, and evidence will be more easily
> limited in pre-trial conferences and (7) the cost will likely be reduced
> both for the parties and the court.

*Bonutti Skeletal Innovations, L.L.C. v. Zimmer Hldgs., Inc.*, C.A. Nos. 12-1107

(GMS), 12-1109 (GMS), 12-1110 (GMS), 2014 WL 1369721, at *5 (D. Del. April

7, 2014) (considering stay pending reexamination proceeding). All of these reasons

counsel for a stay in this case.

The majority of the Patents-in-Suit—seven of the twelve patents—asserted by Plaintiffs in this case are the subject of the Post Grant Proceedings that the PTAB has already instituted.  This situation provides a very high likelihood that as part of its final written decisions, the PTAB will provide guidance to the parties and the Court regarding the validity of the Challenged Patents.

In addition, the five Patents-in-Suit not subject to the pending Post Grant Proceedings are related to those patents that are subject to those proceedings. Accordingly, the guidance and insight gained from the PTAB's dispositions of the pending proceedings will undoubtedly apply to and potentially simplify issues that remain for trial with respect to the five unchallenged patents. *See IOENGINE*, 2019 WL 3943058, at *9 ("[A]lthough the claims of the '969 and the '703 patents are not directly at issue in IPR2019-00416, the PTAB's judgment with respect to the proper construction of the claims of the '047 patent and its assessment of the art will likely be instructive in the district court litigation.").

Moreover, "even when IPRs are instituted on fewer than all the asserted claims, the policies favoring simplification and the reduction of litigation burdens on the parties and the court are often applicable." *British Telecomms. PLC v. IAC/InterActiveCorp*, C.A. No. 18-366-WCB, 2019 WL 4740156, at *7 (D. Del. Sept. 27, 2019). Thus, "district courts have frequently issued stays in cases in which IPR proceedings have been instituted on fewer than all the claims asserted in the

related litigation, particularly when the claims that are before the PTAB in an IPR are similar to those that are not." *Id.* Here, the arguments supporting a stay are even stronger.

Furthermore, in the unlikely event that the PTAB issues a Final Written Decision finding all claims challenged by Hulu to be valid, TheStreet agrees to not raise in this litigation any invalidity ground asserted by Hulu in the Post Grant Proceedings, thus providing additional efficiencies. *See, e.g.*, *AIP Acquisition LLC v. Level 3 Commc'ns., LLC*, C.A. Nos. 12-617-GMS, 12-1688-GMS, 12-1689-GMS, 12-1690-GMS, 12-1691-GMS, 12-1692-GMS, 2014 WL 12642000, at *2 (D. Del. Jan. 9, 2014) ("Issues in the Cable Cases will also be simplified at trial because the Cable defendants have stipulated to a limited estoppel based upon invalidity arguments considered in the IPR proceeding that lead to a final, non-appealable judgment.")

Delaying this action until the Post Grant Proceedings have been resolved will therefore potentially provide the following benefits: 1) the removal of asserted claims held by the PTAB to be invalid; 2) the limitation of arguments regarding invalidity, in the event that some of the challenged claims survive the Post Grant Proceedings; 3) guidance on the proper construction of claim terms gained from the expertise of the PTAB judges; 4) additional prosecution history produced by the Post Grant Proceedings that could assist this Court with issues of claim construction and

validity; 5) the reduction of the potential for a duplication of efforts or for reaching inconsistent results if this action proceeds while the Post Grant Proceedings remain pending; and 6) the close relatedness of the unchallenged claims to the challenged claims means that any guidance gained from the PTAB's final decisions in the Post Grant Proceedings will be applicable to all of the patent claims asserted in this action. *See British Telecomms.*, 2019 WL 4740156, at *8-9 (identifying similar benefits to be gained from a stay).

Accordingly, staying this litigation until the Post Grant Proceedings conclude will very likely simplify the issues of this action. This factor strongly favors a stay.

### B.    The Litigation Is in Its Earliest Stage

Motions to stay pending the outcome of PTAB proceedings "are most often granted when the case is in the early stages of litigation." *Princeton Digital*, 2014 WL 3819458, at *3. Such stays early in litigation "advance judicial efficiency and maximize the likelihood that neither the Court nor the parties expend their assets addressing invalid claims." *Id.* (internal citation omitted). Thus, a stay is strongly favored when "much of the work in the case—and in particular the most burdensome stages of the case—completing discovery, preparing expert reports, filing and responding to pretrial motions, preparing for trial, going through the trial process, and engaging in post-trial motions practice—all lie ahead." *See British Telecomms.*, 2019 WL 4740156, at *4.

Here, the case in its earliest possible stage—indeed, TheStreet has filed this motion concurrently with its Answer. No scheduling orders have issued, no discovery has taken place, claim construction has not begun, no expert reports have been prepared, no trial date has been set, and certainly no trial preparation has taken place. Accordingly, the "most burdensome stages of the case" – and indeed almost all stages of the case – lie in the future. *See British Telecomms.*, 2019 WL 4740156 at *4; *see Market-Alerts Pty., Ltd. v. Bloomberg Fin. L.P.*, 922 F. Supp. 2d 486, 494 (D. Del. 2013) (finding a stay "strongly" favored where the litigation was at "the earliest possible stage" and "[n]o conferences with the court have occurred; no schedules have been set; no substantive motions have been filed; and the court has issued no substantive rulings"); *Bonutti*, 2014 WL 1369721, at *6 ("There is not yet a case scheduling order in place nor has discovery begun nor has a trial date been set. Thus, this factor strongly favors granting a stay."). Granting a stay will therefore allow the Court to avoid any effort or expense that may ultimately prove to be unnecessary as a result of the outcomes of the Post Grant Proceedings.

The very early stage of this action therefore strongly favors a stay.

## C.    Plaintiffs Will Not Be Prejudiced By a Stay, Nor Will TheStreet Gain a Tactical Advantage From a Stay

A stay of this action is also favored because it will not result in any prejudice to Plaintiffs or in any tactical advantage gained by TheStreet. "In evaluating whether undue prejudice or a clear tactical advantage exists, courts in this district typically

examine four factors: (1) the timing of the request for review; (2) the timing of the request for a stay; (3) the status of the review proceedings; and (4) the relationship of the parties." *TC Tech.*, 2021 WL 4521045, at *8. Each of these factors favors a stay.

First, the petitions filed by Hulu that led to the pending Post Grant Proceedings were filed between September and December of 2020—over a year before Plaintiffs even filed this action against TheStreet. Accordingly, there is no basis in this case to conclude that the Post Grant Proceedings were timed in an attempt to unnecessarily delay Plaintiffs' claims. To the contrary, Plaintiffs were clearly aware of the pending Post Grant Proceedings when they filed this case, knowing that a strong possibility existed that some or all of the claims in the Challenged Patents were likely to be held unpatentable. Accordingly, this factor favors a stay.

Second, TheStreet is filing this motion for a stay at the earliest practical opportunity—that is, concurrently with the filing of its Answer. This factor therefore favors a stay. *See Market-Alerts*, 922 F. Supp. 2d at 494 (finding a stay "strongly" favored where the litigation was at "the earliest possible stage" and "[n]o conferences with the court have occurred; no schedules have been set; no substantive motions have been filed; and the court has issued no substantive rulings"); *Princeton Digital*, 2014 WL 3819458, at *3 (granting a stay "early in a case" is favored because

it will "advance judicial efficiency and maximize the likelihood that neither the Court nor the parties expend their assets addressing invalid claims.").

Third, the Post Grant Proceedings have all been instituted and final decisions on all of them are expected within approximately the next six months. The advanced stages of the post-grant proceedings before the PTAB means that "the risk of prejudice is lower." *See TC Tech.*, 2021 WL 4521045, at \*9. Accordingly, this factor favors a stay.

Finally, the parties here are not direct competitors, which removes much of the concern that a stay might prejudice Plaintiffs. "[W]hen the parties are direct competitors, there is a reasonable chance that delay in adjudicating the alleged infringement will have outsized consequences to the party asserting infringement . . . , including the potential for loss of market share and an erosion of goodwill." *Princeton Digital*, 2014 WL 3819458, at \*6. Because TheStreet does not directly compete with Plaintiffs, such concerns do not exist in this case. Moreover, Plaintiffs seek only monetary relief for their claims and have not requested any other specific type of relief from the Court. Courts in this District are far less likely to find prejudice under these circumstances. *See MiiCs & P'rs Am. Inc. v. Toshiba Corp.*, C.A. Nos. 14-803-RGA, 14-804-RGA, 2015 WL 9854845, at \*1 (D. Del. Aug. 11, 2015) ("Plaintiffs are not competitors of the defendants, and . . . are realistically looking only for monetary damages. It does not appear that they will suffer any

undue prejudice if the motion [to stay] is granted."). Accordingly, this factor favors a stay.

For the foregoing reasons, there is no risk that a stay will unfairly prejudice Plaintiffs nor is there any basis to conclude that TheStreet will gain a tactical advantage. This factor therefore favors a stay.

### D.    A Stay Will Reduce the Burdens of Litigation on the Court and the Parties

By including this factor in the analysis for evaluating a requested stay pending the outcome of a CBM proceeding, Congress "intended to ensure that courts apply their discretion to grant stays liberally so as to minimize the duplicative litigation of patent validity issues in parallel forums." *British Telecomms. PLC v. IAC/InterActiveCorp.*, C.A. No. 18-366-WCB, 2020 WL 5517283, at *3 (D. Del. Sep. 11, 2020). Staying this action will further that important goal, as it will ensure that no time or effort is wasted by the Court on duplicative efforts that may ultimately prove unnecessary once the CBM proceeding is resolved. The same consideration applies with equal force to the pending IPR proceedings. *See id.* at *4 ("In light of the similar policies underlying the CBM and *inter partes* review proceedings, it is not surprising that courts have applied generally similar analysis to requests for stays in both settings."). Because all of the Post Grant Proceedings have already been instituted by the PTAB, there is "a very heavy thumb on the scale in favor of a stay being granted" in this action. *See IOENGINE*, 2019 WL 3943058, at *3 (citing 157

16

Cong. Rec. S1363 (daily ed. Mar. 8, 2011) (statement of Sen. Chuck Schumer)).

Accordingly, this factor strongly favors a stay.

## VII.   CONCLUSION

For the reasons discussed above, TheStreet respectfully requests that the Court stay this action until at least the final resolution, including any appeals or remands, of the pending Post Grant Proceedings filed by Hulu against patents asserted in this action by Plaintiffs.

OF COUNSEL:

Syed M. Abedi
Jeffrey E. Danley
Thomas A. Shewmake
SEED IP LAW GROUP LLP
701 Fifth Avenue, Suite 5400
Seattle, WA 98104
Telephone: (206) 622-4900
SyedA@seedip.com
JeffD@seedip.com
TomShewmake@seedip.com

Dated:  December 29, 2021

/s/ Travis S. Hunter
Travis S. Hunter (#5350)
Renée Mosley Delcollo (#6442)
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
hunter@rlf.com
delcollo@rlf.com

*Attorneys for Defendant*
*TheStreet, Inc.*

17

## <u>WORD COUNT CERTIFICATION</u>

The undersigned counsel hereby certifies that the foregoing document contains 4,053 words, which were counted by using the word count feature in Microsoft Word, in 14-point Times New Roman font. The word count includes only the body of the motion. The word count does not include the cover page, tables of contents and authorities, or the counsel signature blocks.

 */s/ Renée Mosley Delcollo*
Renée Mosley Delcollo (#6442)